RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/1/08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 05-30040-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHARLES SIDNEY MACK, JR. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a pleading filed by Defendant Charles Sidney Mack, Jr. ("Mack"), which is styled a "Motion to Amend Pursuant to Rule 52(B) Nunc Pro Tunc" ("Motion to Amend")[Doc. No. 124].

On January 24, 2006, pursuant to a written guilty plea agreement, Mack pled guilty before the Magistrate Judge to Count 1 of the Indictment, which charged him with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. In conjunction with his guilty plea, the Government filed an Information and Notice of Prior Narcotics Convictions Pursuant to 21 U.S.C. § 851. Mack was specifically advised at the plea hearing that his term of imprisonment ranged from not less than 20 years to life in prison.

On February 13, 2006, this Court adopted the Report and Recommendation of the Magistrate Judge and adjudged him guilty of Count 1.

On July 6, 2006, the Court sentenced Mack to serve a mandatory statutory minimum term of imprisonment of 240 months. The judgment was entered on July 11, 2006, but Mack did not appeal his conviction.

However, Mack did seek post-conviction relief pursuant to 28 U.S.C. § 2255. Mack argued that his counsel was ineffective and, as a result, his guilty plea was involuntary,

unlawfully induced, or rendered without an understanding of the charge and the consequences of his plea. On May 8, 20007, after having reviewed the record, the Court adopted the Report and Recommendation of the Magistrate Judge and dismissed Mack's § 2255 motion, finding that he had failed to establish that his counsel's conduct was professionally unreasonable. Although Mack sought to appeal, both this Court and the United States Court of Appeal for the Fifth Circuit refused to issue a certificate of appealability.

The Court has also considered Mack's case twice under amendments to the United States Sentencing Commission's Guidelines for cocaine base, but both times the Court has concluded that Mack is not entitled to a reduction in his term of imprisonment because he is subject to a mandatory statutory minimum sentence of 240 months. *See* [Doc. Nos. 95 & 116].

Less than one year ago, on August 8, 2011, Mack sought to attack his underlying conviction and sentence in a pleading styled "Motion to Correct, Set Aside, Or Vacate Pursuant to Rule 60(b)(6)" ("Rule 60 Motion") [Doc. No. 108]. On August 12, 2011, the Court issued a Memorandum Order [Doc. No. 109] finding that Mack's Rule 60 Motion was actually a successive motion under 28 U.S.C. § 2255 and that the Court was without jurisdiction to consider the motion until he obtained authorization from the Fifth Circuit to proceed. Therefore, the Court denied Mack's Rule 60 Motion.

Mack now comes before the Court with the instant motion, contending that, pursuant to Federal Rule of Criminal Procedure 52(b), the Court may "nunc pro tunc" amend his sentence and judgment to reduce his term of imprisonment from 240 months to 120 months. The Court does not have such authority.

Rule 52(b) provides that a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The rule permits the Court to correct

plain errors when a case is properly before the Court. Further, a "nunc pro tunc judgment" is "[a] 'procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate.'" *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 459 n.4 (5th Cir. 2006) (quoting BLACK'S LAW DICTIONARY 848 (7th ed. 1999)). That is, a nunc pro tunc judgment may issue to correct a clerical error in a judgment, so that it conforms to the actual judgment of the Court. It is not a device by which a defendant may obtain a substantive revision of his judgment.

Federal courts are courts of limited jurisdiction, and Mack must have statutory authority for the filing of his motion. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Regardless of the styling of his motion or the procedural rules and devices he cites, Mack seeks to challenge the validity of his sentence. Thus, the Court must construe his Motion to Amend as a motion arising under 28 U.S.C. § 2255. Since Mack has previously filed a § 2255 motion in this Court, his Motion to Amend is deemed successive, and the Court is without authority to consider his arguments. If Mack wishes to proceed, he must seek authorization from the Fifth Circuit pursuant to 28 U.S.C. § 2255(h). Accordingly,

IT IS ORDERED that Mack's Motion to Amend [Doc. No. 124] is DENIED for lack of jurisdiction. The Court's denial is without prejudice to Mack's right to file a motion for leave to file a successive Section 2255 motion in the Fifth Circuit.

MONROE, LOUISIANA, this ____4____ day of ____May____, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE